## Commonwealth ex rel. Radzievich v. Davis and Minersville Borough Council.

J. F. Mahoney and D. W. Bechtel, for plaintiff.

Roger Prosser, for defendants.

HICKS, J., July 23, 1928.—On Jan. 13, 1928, the relator presented his petition for a writ of alternative mandamus, directed against the chief burgess, secretary and members of the Town Council of the Borough of Minersville, in which he alleged that he was duly elected a member of the Town Council of the Borough of Minersville on Nov. 8, 1927, duly certified and returned as such by the proper election officers of the 4th Ward, in which he resided, and duly qualified by taking the oath of office as required by law. He further stated that he attended the organization meeting of the town council on the first Monday in January, 1928, with his certificate of election and his oath of office, the latter being filed with the secretary of the council; that he attended the next regular meeting of the town council on Jan. 5, 1928, when he presented his certificate of election, but was refused enrollment as a member of the town council and permission to participate in the proceedings of that body; that he had been greatly wronged and injured and deprived of the rights and privileges of a member of the town council, and that he was without other adequate and specific relief at law. A writ of alternative mandamus was directed to issue. A return was made by the defendants to the writ of alternative mandamus, in which the election of the relator to the office

of councilman in the 4th Ward of the Borough of Minersville is not denied, alleging that no certificate of election was presented, and that the refusal of the respondents, members of the town council, to admit the relator as a member was based solely upon the allegation that, after the election of the relator and before the organization meeting of the town council, he removed from the ward in which he was elected, which worked his disqualification and precluded him from taking his seat as a member of council. It was for this reason, the respondents allege, they refused the admission of the relator to their body. To this return of the respondents the relator filed a traverse, in which he denies his removal from the 4th Ward, in which he was resident when elected, reiterates his election and qualifying for the office, and alleging the presentation of the certificate of election and the filing of the oath of office, together with his demand for permission to be enrolled and participate in the deliberations of the town council, averring the refusal of the members of council to seat him.

On Feb. 21, 1928, testimony was taken, most of which referred to the removal from the ward by the relator after his election to represent that ward in the town council. All this testimony was taken over the objection of the relator, who contended that the matter of his removal, if true, subsequent to his election and prior to his taking his seat in the council, was wholly irrelevant and immaterial in this proceeding. In the opinion filed by the writer on April 23, 1928 [11 D. & C. 319], all the testimony relating to the removing of the relator from the ward was ignored as not being relevant or material to the disposition of the real problem involved in the case.

The following exceptions on behalf of the defendants were filed to the opinion of the court, to wit: (1) The court erred in not stating separately and distinctly the facts found and the conclusions of law, as required by the Act of April 22, 1874, P. L. 109; (2) the court erred in not determining the residence of the relator as of the time of the reorganization of council on the first Monday of January, 1928; (3) the court erred in entering the following decree: "And now, April 23, 1928, it is ordered and directed that a peremptory mandamus issue forthwith against the defendants, the Town Council of the Borough of Minersville, commanding them to place the name of the relator, Stanley Radzievich, upon the roll, to allow him to take his seat as a member of said Town Council, and to exercise all the rights and privileges of a member of said body until the expiration of his term of office, unless removed therefrom by legal and proper means. The costs of this proceeding to be paid by the defendants." The exceptions filed on behalf of the defendants were argued before the court in banc and the case is now for final disposition.

The first exception is that the court did not state separately and distinctly the facts found and the conclusions of law, as required by the Act of April 22, 1874, P. L. 109. It is true that the court did not in numerical paragraphs state separately the facts found and the conclusions of law drawn, but no facts were disputed upon which the right of the relator to his seat in council depended, according to the opinion of the court heretofore filed. All the testimony having to do with the residence of the relator and his removal from the ward subsequent to his election and prior to the organization meeting of the council was received by the court over the objection of counsel for the relator, because . . . the matter was entirely before the court, making a further hearing unnecessary should the court err in sustaining the objection of the relator, and leaving the disposition of the objection to this testimony until the time of writing the opinion. The defendants contested the seating of the

relator solely and alone upon the ground that he removed from the ward after his election, and in the writing of the court's opinion, the fact whether he did or did not remove from the ward was held wholly irrelevant, and so all testimony upon this point was ignored by the court, which amounted to a sustaining of the objection of the relator to the admission of the said testimony. In its opinion, the court said: "And in reaching its conclusion in this case, the court has not considered any evidence adduced at the hearing on the contested question of removal, and does not now in this action determine whether relator did or did not remove from the ward. It might be said, however, if relator does not have a *bona fide* residence in the ward in which he was elected, that he cannot serve, even though seated. And nothing herein contained shall be construed as prejudicing any right or person in any proceeding hereafter brought properly presenting the loss of relator's qualification through removal from the ward and the consequent forfeiture of his office."

Thus the matter resolved itself into a pure question of law upon the pleadings, since it was admitted that the relator had been duly elected, had qualified for the office by subscribing to and filing his oath, there being no dispute as to the election and no one in the office for which he had been elected or contesting the same. Therefore, it was unnecessary to make any specific findings of fact: Com. *v.* School Directors, 4 Dist. R. 314.

The second exception is that the court erred in not determining the residence of the relator as of the time of the reorganization of council on the first Monday of January, 1928. As heretofore stated, the residence of the relator as of the time of the organization of council on the first Monday of January, 1928, is wholly irrelevant and immaterial to a decision of the question involved. As stated by the writer in his former opinion: "The relator was elected to council by the electors of the 4th Ward of the Borough of Minersville, and, therefore, had title to his office, was armed with a certificate of election, which was at least *prima facie* evidence of the title to his office, had qualified by taking the statutory oath, which was filed with the council prior to his request for possession of his office, *and he was, therefore, legally entitled to exercise its functions, allegations touching his residence qualifications notwithstanding, until his disqualification was determined by another tribunal with judicial powers.*" (The italicizing is that of the writer.) This exception must also be overruled.

The full court is unanimously of the opinion that every proposition advanced by the defendants has been fully met in the opinion formerly filed by the writer, in which every phase of law relating to the question has been fully and amply discussed, and no benefit could be derived in attempting to amplify the former opinion written in this case, as it fully warrants the conclusions reached. For the reasons, therefore, set out in the opinion heretofore filed in this case, the exceptions of the defendants are overruled, final judgment is now entered for the relator and the following order is now entered:

It is ordered and directed that final judgment for the relator be now entered and a peremptory mandamus issue forthwith against the defendants, the Town Council of the Borough of Minersville, commanding them to place the name of the relator, Stanley Radzievich, upon the roll, to allow him to take his seat as a member of said town council, and to exercise all the rights and privileges of a member of said body until the expiration of his term of office, unless removed therefrom by legal and proper means. The costs of this proceeding to be paid by the defendants.

From M. M. Burke, Shenandoah, Pa.